## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

KEVIN PARRISH,

     Plaintiff,

     vs.

DENNIS FABBRO and
SCHOLASTIC BOOK FAIRS, INC.,

     Defendants.

Case No. 1:24-cv-535

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On November 4, 2024, Plaintiff, proceeding pro se, paid the requisite filing fee and filed the above-captioned case. For the reasons that follow, the undersigned now recommends that this case be DISMISSED sua sponte for lack of subject matter jurisdiction, or alternatively, for failure to state any claim.

### I. Background

Many pro se litigants seek to file their complaints in forma pauperis, or without payment of a filing fee. In such cases, Congress has authorized Courts to conduct an initial evaluation of the complaint prior to authorizing service on any defendant. See 28 U.S.C. § 1915(e). Because Plaintiff paid the full filing fee, his complaint is not subject to statutory sua sponte screening under § 1915(e).

Nevertheless, this Court retains the authority to dismiss frivolous lawsuits under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Moreover, a federal court has the obligation to dismiss a lawsuit at any time that it determines it is without subject matter jurisdiction.  Federal courts are courts of limited jurisdiction. Here, the complaint alleges that Plaintiff was a truck driver in some capacity for Scholastic Book Fair Inc.  While driving

his route, Plaintiff alleges that he encountered a detour and his truck became disabled. The complaint appears to allege that he made it to a hotel and contacted his supervisor. He then claims that once he made it back to the warehouse, he was fired for not following proper protocol. Plaintiff brings this action pursuant to Ohio Revised Code § 4141.29 (B)(2)(A), which relates to unemployment benefits under Ohio law.  Plaintiff asserts jurisdiction based on being an arm of the U.S. Government. (Doc. 1 at 11). For relief, Plaintiff seeks $3,000,000.00 for compensation for lost wages and forced early retirement.

**II. Plaintiff's Complaint Should be Dismissed.**

Plaintiff's complaint is subject to dismissal. Namely, Plaintiff's claims arise under state law and therefore the complaint lacks subject-matter jurisdiction.  To the extent Plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, there is no complete diversity of citizenship because Plaintiff and Defendant are Ohio citizens. (*See* Doc. 1 at 4-5). Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims Plaintiff may be alleging.

Furthermore, the civil cover sheet attached to Plaintiff's complaint indicates the basis of jurisdiction as U.S. Government (Plaintiff).  (Doc. 1-2 at 2).  However, there is no indication from the complaint that Plaintiff is an employee or arm of the U.S. Government.

As such, the complaint provides no factual content or context from which the Court may reasonably infer that the Defendant violated Plaintiff's rights under federal law. Accordingly, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KEVIN PARRISH,                                           Case No. 1:24-cv-535

      Plaintiff,

                                    Barrett, J.

      vs.                                                Bowman, M.J.

DENNIS FABBRO and
SCHOLASTIC BOOK FAIRS, INC.,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).